IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUAN B. MANCIAS, § § § *Plaintiff,* § § v. § § ONEMAIN FINANCIAL SERVICES, INC., § § *Defendant.* § § | Civil Action No. SA-18-CV-1125-XR |

**ORDER**

On this date, the Court considered Defendant's Motion for Summary Judgment and Motion for Judgment on the Pleadings (docket no. 12). Although Plaintiff did not respond, the Court will evaluate the motion and applicable law. After careful consideration, Defendant's motion is GRANTED.

**BACKGROUND**

On July 9, 2007, Plaintiff Juan Mancias executed a Loan Agreement and Disclosure Statement ("the Note") for $32,400,[1] payable to American General Financial Services, Inc., and a Deed of Trust securing the repayment of the Note with the property at 1250 Roemer Lane, Unit D, Floresville, Texas 78114.

The loan was transferred to Springleaf Financial Services, Inc. on December 30, 2015. OneMain is the successor to Springleaf and the current mortgagee and holder of the Note. Plaintiff has defaulted and the Note is past due for the February 3, 2013, payment and all subsequent

---

[1] The Court has diversity jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship because Plaintiff is a Texas citizen and Defendant is a citizen of Delaware and Indiana. Docket no. 1 at 2. The amount in controversy exceeds $75,000 because the property is valued at $164,760.00, *id.* at 5, and "[w]here a plaintiff seeks to enjoin a foreclosure sale, the amount in controversy is the value of plaintiff's property that is the subject of the foreclosure," *Guzman v. Bank of New York Mellon*, 2017 WL 11049751, at *2 (W.D. Tex. May 1, 2017).

payments. On March 2, 2015, Plaintiff was sent a Notice of Default. On December 11, 2017, Plaintiff was sent a Notice of Acceleration.

In state court, Defendant filed an Application for an Expedited Order under Rule 736 on a Home Equity Loan. Seeking to stop the foreclosure, Plaintiff filed, on October 11, 2018, his Original Petition in the 81st Judicial District Court of Wilson County, Texas. Plaintiff, seeking declaratory relief, alleges that Defendant's Rule 736 application was filed more than four years after the alleged breach and was thus barred by the statute of limitations. On October 26, Defendant removed to this Court. On June 13, Defendant filed the motion now before the Court (docket no. 12). Although Plaintiff's response deadline has passed, Plaintiff did not file a response.

## DISCUSSION

### I. Legal Standard

A party is entitled to summary judgment only if it demonstrates that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In order to demonstrate that there is no genuine issue of material fact, a movant either has to negate the existence of a material element of the non-movant's claim or defense or point out that the evidence in the record is insufficient when the non-movant bears the burden of proof for that element at trial. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). To satisfy its initial responsibility, a movant without the burden of proof at trial need only point out that there is an absence of evidence to support the non-movant's claim to shift the burden to the non-movant to show that summary judgment is not proper. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

There is a genuine issue of material fact when the evidence allows a reasonable jury to return a verdict for the non-movant. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th

Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In order to conclude that no genuine issue of material fact exists, the court must be satisfied that no reasonable trier of fact could have found for the non-movant. *See Anderson*, 477 U.S. at 250 n.4. A court on summary judgment must review the summary judgment record taken as a whole, but the court is not permitted to make "credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). The court must review "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

## II. Application

Although Defendant moves, in the alternative to summary judgment, for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court determines that summary judgment is appropriate. The Court will first consider the central arguments of Plaintiff's Petition—namely, that the limitations period has run on Defendant's right to foreclose and that Plaintiff is entitled to declaratory relief on this point. Then, the Court turns to Defendant's counter-claim for an order authorizing foreclosure.

### a. Statute of Limitations

Under Texas law, a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing TEX. CIV. PRAC. & REM. CODE § 16.035(a).) If the applicable note is payable in installments and secured by a real property lien, the limitations period does not begin until the "maturity date of the last note, obligation, or installment," *id.*, but if the deed of trust contains an optional acceleration clause, the limitations period does not begin until the holder actually exercises its option to accelerate, *Holy Cross Church of God in Christ v. Wolf*

44 S.W.3d 562, 566 (Tex. 2001). To do so, the holder must send "both a notice of intent to accelerate and a notice of acceleration" that are "clear and unequivocal*." EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. App.—Waco 2008, no pet.).

Here, Plaintiff defaulted in 2013, but there is no evidence that Defendant exercised its acceleration option in 2013. Even if Defendant did exercise this option, the Notice of Default sent on March 2, 2015, which informed Plaintiff of the amount due and gave an opportunity to cure, constituted an abandonment of the acceleration. By agreement or other action, the acceleration of a note can be abandoned, which restores the note's original maturity date for accrual purposes. *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App—Houston [14th Dist.] 2012, no pet.). Thus, on the record before the Court, there is no set of facts under which the four-year limitations period bars Defendant's attempt to foreclose.

### b. Plaintiff's Claim for Declaratory Relief

Further, the only relief sought in Plaintiff's petition is declaratory relief. A request for declaratory judgment is "merely a theory of recovery" for a cause of action and fails if all substantive claims fail. *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-CV-1127-DAE, 2014 WL 1491257, at *5 (W.D. Tex. Apr. 14, 2014) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) and *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 746, 769 (N.D. Tex. 2012)). Since Plaintiff raises no substantive claim, declaratory relief is not appropriate here.

### c. Defendant's Counter-Claim for Order Authorizing Foreclosure

Finally, in its counter-claim, Defendant seeks an order authorizing foreclosure. To be entitled to an order for judicial foreclose, Defendant must demonstrate: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs

are in default under the note and security instrument; and (4) notice of default and acceleration were sent in compliance with applicable law." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002).

The summary judgment evidence provided by Defendant shows a debt exists that is secured by a qualifying lien for a home equity loan. Further, the requisite notices to cure the default were provided and the payment obligations have been accelerated and have matured. Finally, Plaintiff is not a member of the military. Accordingly, under the undisputed evidence at summary judgment, Defendant is entitled to an order authorizing foreclosure of the subject Texas Home Equity lien.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (docket no. 12) is GRANTED.

A judgment that Plaintiff shall take nothing by his claims and that Defendant, by his counter-claim, is entitled to an order authorizing foreclosure. A judgment will follow pursuant to Rule 58.

The Clerk is directed to close this case.

Defendant may file a bill of costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 1st day of July, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE